■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN STUBBS, Appellant. [775 NYS2d 740]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered January 9, 2002. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). County Court properly denied defendant's motion for a *Wade* hearing with respect to the identification of defendant by two undercover officers involved in the purchase of drugs from defendant. The identification took place at or near the scene of the drug transaction within minutes thereof and was thus merely confirmatory (*see People v Wharton,* 74 NY2d 921, 922-923 [1989]; *People v Thompson,* 298 AD2d 869, 870 [2002], *lv denied* 99 NY2d 565 [2002]). The court also properly concluded that there was no need for a *Rodriguez* hearing (*see People v Rodriguez,* 79 NY2d 445, 452-453 [1992]). "Such a hearing is not required in a classic 'buy and bust' undercover operation where the undercover officer identifies the defendant immediately after the transaction" (*People v Cuthrell,* 284 AD2d 982, 983 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.