■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD J. BYRD, Appellant. [788 NYS2d 769]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered August 22, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of marihuana in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of marihuana in the fourth degree (§ 221.40). Defendant contends that reversal is required because Supreme Court erred in admitting testimony explaining why the prerecorded "buy" money was not discovered on his person when he was arrested. We note that defendant objected to the testimony of only one of the three police officers who so testified at trial. In any event, even assuming, arguendo, that defendant's contention is preserved for our review, we conclude that any error in the admission of the testimony is harmless. The evidence of defendant's guilt apart from that testimony is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see People v Smith*, 2 NY3d 8, 12-13 [2004]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We reject the further contention of defendant that the court erred in refusing to conduct either a *Wade* or a *Rodriguez* hearing. Neither hearing is required in a classic "buy and bust" operation where, as here, a confirmatory identification procedure is immediately conducted by an undercover officer within minutes after the sale of drugs to the undercover officer (*see People v Stubbs*, 6 AD3d 1109 [2004], *lv denied* 3 NY3d 663 [2004]; *People v Blocker*, 309 AD2d 1240 [2003], *lv denied* 1 NY3d 568 [2003]; *People v Cuthrell*, 284 AD2d 982, 983 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.