■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. RELEFORD, Appellant. [901 NYS2d 447]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered January 16, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that County Court erred in determining that the identification of him by the undercover police officer in a showup procedure was confirmatory without first conducting a hearing pursuant to *People v Rodriguez* (79 NY2d 445 [1992]). We reject that contention. " 'A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings' " (*People v Leary*, 70 AD3d 1394, 1395 [2010], quoting *People v Fernandez*, 67 NY2d 686, 688 [1986]), and the exception set forth in CPL 710.70 (2) does not apply here because defendant pleaded guilty before "an order finally denying" his suppression motion was issued (*People v Rodriguez*, 33 AD3d 401 [2006], *lv denied* 7 NY3d 904 [2006]).

In any event, although there is no "categorical rule exempting from requested *Wade* hearings confirmatory identifications by police officers by merely labeling them as such" (*People v Wharton*, 74 NY2d 921, 923 [1989]), a hearing is not required where the defendant in a "buy and bust" operation is identified "by a trained undercover officer who observed [the] defendant during the face-to-face drug transaction knowing [that the] defendant would shortly be arrested" (*Wharton*, 74 NY2d at 922; *see People v Stubbs*, 6 AD3d 1109 [2004], *lv denied* 3 NY3d 663 [2004]; *People v Blocker*, 309 AD2d 1240 [2003], *lv denied* 1 NY3d 568 [2003]). Here, the identification was made approximately seven minutes after the undercover officer purchased drugs from defendant in a hand-to-hand transaction in broad daylight. The officer also observed defendant moments before the transaction when defendant told her to drive down the street where the exchange took place. Under the circumstances, a *Rodriguez* hearing was not required. Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.