■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN MOORE, Appellant. (Appeal No. 1.) [910 NYS2d 746]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 22, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision to a period of one year and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and sentencing him to a determinate term of imprisonment of six years plus five years of postrelease supervision (PRS). We conclude that the sentence is illegal insofar as the period of PRS exceeds two years (see Penal Law § 70.45 [2] [b]). " 'Although [that] issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand' " (*People v Davis*, 37 AD3d 1179, 1180, [2007] lv denied 8 NY3d 983 [2007]). We thus conclude that the judgment must be modified with respect to the period of PRS, and we modify the judgment by reducing the period of PRS to a period of one year (see *People v Gibson*, 52 AD3d 1227 [2008]; *People v Ehrhardt*, 292 AD2d 790 [2002], lv denied 98 NY2d 675 [2002]). The sentence as modified is not unduly harsh or severe. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.