■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ATOO V. COOPER, Appellant. [917 NYS2d 458]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 31, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]). As the People correctly concede, the record fails to establish that defendant's waiver of the right to appeal is valid because there is no indication that County Court explained "that the waiver of the right to appeal is separate and distinct from the other rights that are forfeited by the plea" (*People v Hernandez*, 63 AD3d 1615, 1615 [2009], *lv denied* 13 NY3d 745 [2009]). Although the contention of defendant that the plea was not voluntarily, knowingly and intelligently entered survives even a valid waiver of the right to appeal, we conclude that defendant failed to preserve that contention for our review because he failed to move to withdraw

the plea or to vacate the judgment of conviction (*see People v Secrist*, 74 AD3d 1853 [2010]). This case does not fall within the rare exception to the preservation requirement because nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]).

Defendant further contends that he was denied effective assistance of counsel based on an alleged conflict of interest with respect to defense counsel assigned to represent him during sentencing. To the extent that defendant's contention is not forfeited by the plea (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Defendant failed to "demonstrate that the conduct of his defense was in fact affected by the operation of the conflict of interest" (*People v Alicea*, 61 NY2d 23, 31 [1983]; *see People v Knight*, 280 AD2d 937, 939-940 [2001]). Thus, contrary to the contention of defendant, we conclude that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.