■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELBERT J. JACQUES, JR., Appellant. [913 NYS2d 609]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered September 14, 2009. The judgment convicted defendant, upon his plea of guilty, of conspiracy in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of conspiracy in the second degree (Penal Law § 105.15). Defendant failed to preserve for our review his contention that County Court's policy prohibiting further plea bargaining after the final plea conference constitutes an abuse of discretion (*see People v Nieves*, 2 NY3d 310, 315-316 [2004]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Moreover, that contention does not survive defendant's valid waiver of the right to appeal in any event, inasmuch as plea bargaining policies "do not implicate constitutional considerations" (*People v Humphrey*, 30 AD3d 766, 767 [2006], *lv denied* 7 NY3d 813 [2006]) and, "generally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to 'the very heart of the process' " (*People v Lopez*, 6 NY3d 248, 255 [2006]). The record does not support defendant's further contention that the court refused to accept a plea bargain " 'based on circumstances unrelated to . . . defendant and the proposed bargain at issue' " (*People v Bonilla*, 299 AD2d 934, 934 [2002], *lv denied* 99 NY2d 580 [2003]). The contention of defendant that he was denied effective assistance of counsel survives the plea and waiver of the right to appeal only to the extent that "he contends that his plea was infected by the allegedly ineffective assistance and that he entered the plea because of his attorney's allegedly poor performance" (*People v Bethune*, 21 AD3d 1316 [2005], *lv denied* 6 NY3d 752 [2005]; *see People v Neal*, 56 AD3d 1211 [2008], *lv denied* 12 NY3d 761 [2009]). We conclude, however, that defendant's contention lacks merit to

that extent (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Centra, J.P., Peradotto, Carni and Sconiers, JJ.