# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**418**

**KA 07-01053**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FRANK RUSSELL, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 9, 2007. The judgment convicted defendant, upon a nonjury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision imposed for each count to a period of three years and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a bench trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that the verdict is against the weight of the evidence. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). Here, "the People presented evidence that defendant did more than simply direct the undercover officers to a location where they could purchase crack cocaine" (*People v Brown*, 50 AD3d 1596, 1597). Indeed, they presented evidence that defendant offered to drive with the officers to make the purchase and that he obtained the crack cocaine from the supplier for them. Consequently, viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that County Court did not fail to give the evidence the weight it should be accorded (*see generally People v Poole*, 79 AD3d 1685, 1686; *Brown*, 50 AD3d at 1598).

We further reject defendant's contention that the court erred in failing to conduct a *Wade* hearing. "[A]lthough there is no categorical rule exempting from requested *Wade* hearings confirmatory

identifications by police officers by merely labeling them as such . . ., a hearing is not required where the defendant in a buy and bust operation is identified by a trained undercover officer who observed [the] defendant during the face-to-face drug transaction knowing [that the] defendant would shortly be arrested" (*People v Releford*, 73 AD3d 1437, 1438, *lv denied* 15 NY3d 808 [internal quotation marks omitted]; *see People v Wharton*, 74 NY2d 921, 922-923; *see also People v Boyer*, 6 NY3d 427, 432-433; *People v Stubbs*, 6 AD3d 1109, *lv denied* 3 NY3d 663).

We likewise reject defendant's contention that he was denied effective assistance of counsel. "[T]he failure of defense counsel to move to dismiss the indictment pursuant to CPL 30.30 did not constitute ineffective assistance of counsel inasmuch as such a motion would not have been successful" (*People v McDuffie*, 46 AD3d 1385, 1386, *lv denied* 10 NY3d 867), nor was defense counsel ineffective based on his failure to challenge the legality of defendant's arrest inasmuch as such a challenge also would have been unsuccessful (*see People v Garcia*, 75 NY2d 973, 974). Defendant's further contention that defense counsel was ineffective in failing to conduct a proper investigation of the case and to obtain certain records concerning defendant's medical treatment is based on matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Cobb*, 72 AD3d 1565, 1567, *lv denied* 15 NY3d 803; *People v Washington*, 39 AD3d 1228, 1230, *lv denied* 9 NY3d 870).

Defendant also contends that he was denied effective assistance of counsel based on an alleged conflict of interest with defense counsel. That contention lacks merit. To prevail on such a contention, a defendant must prove that " 'the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation' " (*People v Konstantinides*, 14 NY3d 1, 10; *see People v Alicea*, 61 NY2d 23, 31). Even assuming, arguendo, that there was such a conflict of interest, we conclude that defendant failed to " 'demonstrate that the conduct of his defense was in fact affected by the operation of [that] conflict' " (*People v Cooper*, 79 AD3d 1684, 1685, quoting *Alicea*, 61 NY2d at 31). To the extent that defendant contends that the court erred in denying defense counsel's request to be relieved at sentencing, we conclude that it lacks merit. A conflict of personalities between a defendant and his or her attorney does not rise to the level of a conflict of interest impacting the defendant's right to a fair trial (*see Konstantinides*, 14 NY3d at 10).

Finally, with respect to defendant's challenge to the sentence imposed, along with an alleged trial tax imposed by the court, we note that "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Brink*, 78 AD3d 1483, 1485 [internal quotation marks omitted]). Indeed, the record here " 'shows no retaliation or vindictiveness against the defendant for electing to proceed to trial' " (*People v Dorn*, 71 AD3d 1523, 1524; *see People v Powell*, ___ AD3d ___ [Feb. 10, 2011]). We reject defendant's challenge to the severity of concurrent

determinate terms of incarceration imposed, but we agree with him that the sentence is illegal insofar as it includes an additional period of postrelease supervision of 3½ years with respect to each count (*see* Penal Law § 70.45 [2] [d]).  We therefore modify the judgment by reducing the period of postrelease supervision to a period of three years (*see People v Smith*, 63 AD3d 1625, *lv denied* 13 NY3d 800; *People v Childres*, 60 AD3d 1278, 1279, *lv denied* 12 NY3d 913).

Entered:  April 1, 2011                        Patricia L. Morgan
                                               Clerk of the Court