# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1417**
**KA 10-00855**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

WILLIAM TERRY, DEFENDANT-APPELLANT.

---

CHRISTOPHER S. BRADSTREET, ROCHESTER, FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH (AMANDA M. CHAFEE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered August 12, 2009. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision to a period of three years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, course of sexual conduct against a child in the second degree for conduct occurring between April 2003 and August 2005 (Penal Law § 130.80 [1]). Contrary to defendant's contention, County Court did not err in failing sua sponte to order a competency examination pursuant to CPL 730.30 (1). "Although defendant stated during the plea proceeding that he was taking medication and was being treated for a mental disability, defendant nonetheless responded appropriately to questioning by the court . . . and was 'unequivocal in assuring the court that he understood the meaning of the plea proceeding, and the implications of his decision to accept the plea agreement' " (*People v Yoho*, 24 AD3d 1247, 1248). Further, the court had the opportunity to interact with defendant and in fact noted on the record its observations that defendant appeared "level and unaffected," did not "appear particularly nervous or distraught," and "look[ed] pretty stable" (*see generally People v Phillips*, 16 NY3d 510, 517; *People v Jermain*, 56 AD3d 1165, *lv denied* 11 NY3d 926). To the extent that defendant's further contention that he was denied effective assistance of counsel survives his guilty plea (*see People v Garner*, 86 AD3d 955, 956), we reject that contention (*see generally People v Ford*, 86 NY2d 397, 404). Finally, although we reject defendant's challenge to the

severity of the terms of incarceration imposed, we conclude that the court erred in imposing a 10-year period of postrelease supervision because the crime for which it was imposed, i.e., course of sexual conduct against a child in the second degree, was committed prior to the effective date of Penal Law § 70.45 (2-a).  Defendant's failure to preserve that issue for our review or to raise it on appeal is of no moment, inasmuch as we cannot permit an illegal sentence to stand (*see People v Moore* [appeal No. 1], 78 AD3d 1658, *lv denied* 17 NY3d 798). We therefore modify the judgment by reducing the period of postrelease supervision to a period of three years, the maximum allowed (*see People v Smith*, 63 AD3d 1625, *lv denied* 13 NY3d 800).

Entered:  December 23, 2011                         Frances E. Cafarell
                                                    Clerk of the Court