# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**826**
**KA 13-00651**
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LATEEK DAVIS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

LATEEK DAVIS, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (NATHAN J. GARLAND OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered February 28, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and, in appeal No. 2, he appeals from a judgment that also convicted him upon his plea of guilty of that crime. In both appeals, defendant contends in a pro se supplemental brief that he was denied effective assistance of counsel based on his attorney's failure to file motions or investigate the crime. Defendant's contention that he was denied effective assistance of counsel survives his guilty pleas only to the extent that "he contends that his plea[s were] infected by the allegedly ineffective assistance and that he entered the plea[s] because of his attorney's allegedly poor performance" (*People v Bethune*, 21 AD3d 1316, 1316, *lv denied* 6 NY3d 752; *see People v Jacques*, 79 AD3d 1812, 1812, *lv denied* 16 NY3d 896). With respect to defendant's contention that he was forced to plead guilty because defense counsel failed to file motions, the record reflects that defense counsel, with defendant's consent, repeatedly requested adjournments of the date for filing motions in order to pursue plea negotiations. " '[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712,

quoting *People v Rivera*, 71 NY2d 705, 709).  Here, particularly in light of the evidence in the record establishing that defense counsel delayed in filing motions in order to arrange a plea agreement in accordance with defendant's wishes, we conclude that defendant failed to meet that burden (*see People v Elamin*, 82 AD3d 1664, 1665, *lv denied* 17 NY3d 794; *People v Jacobs*, 52 AD3d 1182, 1184, *lv denied* 11 NY3d 926).  Further, to the extent that defendant contends that defense counsel was ineffective in failing to investigate the crimes, we note that such contention is based on matters outside the record and thus is not reviewable on direct appeal (*see People v Cobb*, 72 AD3d 1565, 1567, *lv denied* 15 NY3d 803; *People v Washington*, 39 AD3d 1228, 1230, *lv denied* 9 NY3d 870).

Contrary to defendant's contention in his main brief, his sentence is not unduly harsh or severe.

Entered:  July 3, 2014                    Frances E. Cafarell
                                          Clerk of the Court