# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

845

KA 11-02036

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GLENN T. ENDERLIN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered July 1, 2010. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentences imposed on the two counts of endangering the welfare of a child and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing on those counts.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and two counts of endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, County Court did not abuse its discretion in refusing to permit defendant to withdraw the plea (*see generally People v Watkins*, 107 AD3d 1416, 1416-1417, *lv denied* 22 NY3d 959; *People v Tracy*, 77 AD3d 1402, 1403, *lv denied* 16 NY3d 746). We note, however, that the sentencing minutes reflect that the court sentenced defendant to time served plus a 10-year term of probation on each count of endangering the welfare of a child, and that term of probation is illegal (*see* § 65.00 [3] [b] [i]; *see also* § 65.00 [3]). Defendant's failure to preserve that issue for our review or, indeed, to raise it on appeal "is of no moment, inasmuch as we cannot permit an illegal sentence to stand" (*People v Terry*, 90 AD3d 1571, 1572; *see People v Moore* [appeal No. 1], 78 AD3d 1658, 1658, *lv denied* 17 NY3d 798). We therefore modify the judgment by vacating the sentences imposed on the counts of endangering the welfare of a child, and we remit the matter to County Court for resentencing on those counts.

Entered: September 26, 2014

Frances E. Cafarell
Clerk of the Court