People v Henry (2018 NY Slip Op 01833)





People v Henry


2018 NY Slip Op 01833


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1364 KA 14-00530

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERRELL B. HENRY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 14, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the first degree. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by reducing the conviction of murder in the first degree under the first count of the indictment to murder in the second degree (Penal Law § 125.25 [1]) and vacating the sentence imposed on that count and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for sentencing on that conviction.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]). The charges arose from the shooting death of the victim during a home invasion robbery. Defendant contends that the evidence is legally insufficient to support his conviction because there is no evidence from which the jury could have concluded that he fired the shots that killed the victim. We agree. To support a conviction of murder in the first degree under Penal Law § 125.27 (1) (a) (vii), the People were required to establish beyond a reasonable doubt that defendant intentionally caused the victim's death during the commission of a crime enumerated in the statute, such as a robbery or burglary in the first degree. A conviction under subparagraph (vii) cannot be based on accomplice liability under section 20.00, "unless the defendant's criminal liability . . . is based upon the defendant having commanded another person to cause the death of the victim or intended victim" (§ 125.27 [1] [a] [vii]). Here, the jury was never presented with the command theory of liability, but was instead expressly instructed in response to a jury note that, to convict defendant of murder in the first degree, it would have to determine that defendant "pulled the trigger himself."
Viewing the evidence in the light most favorable to the People, we conclude that no rational trier of fact could have found beyond a reasonable doubt that defendant shot the victim (see People v Grassi, 92 NY2d 695, 697 [1999]; see also People v Reed, 22 NY3d 530, 534 [2014]). Here, the evidence established that defendant's girlfriend was also inside the victim's house with defendant at the time when the victim is believed to have been shot, but the People presented no evidence whatsoever with respect to the series of events inside the home or with respect to who ultimately "pulled the trigger" against the victim. The People's evidence against defendant with respect to the act of the shooting itself consisted of scant and weak circumstantial evidence (see generally People v Benzinger, 36 NY2d 29, 32 [1974]), i.e., that defendant stated that he did not want any "loose ends" and so "everybody . . . involved would have to be eliminated," that defendant subsequently threatened his cousin with the rifle used in the killing, and that the same rifle was found in defendant's possession at the time of defendant's arrest, three days after the crime. Although we agree with our dissenting colleagues that "the fact that no one saw [defendant] fire the shot[s] that killed the victim does not render the evidence legally [*2]insufficient" (People v Moore [appeal No. 2], 78 AD3d 1658, 1659 [4th Dept 2010]), we are compelled to conclude that the People's evidence is legally insufficient to establish that defendant was the shooter, and thus the People failed to prove beyond a reasonable doubt that defendant is guilty of murder in the first degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant correctly concedes, however, that the People presented legally sufficient evidence to establish his guilt beyond a reasonable doubt of either form of murder in the second degree charged to the jury as lesser included offenses of murder in the first degree (see Penal Law § 125.25 [1], [3]). We therefore modify the judgment by reducing the conviction of murder in the first degree under count one of the indictment to murder in the second degree (§ 125.25 [1]) and vacating the sentence imposed on that count (see CPL 470.15 [2] [a]), and we remit the matter to Supreme Court for sentencing on that conviction (see CPL 470.20 [4]).
Contrary to defendant's further contention, the record as a whole demonstrates that the court did not unjustifiably deny his request to waive counsel so that he could represent himself at trial (see People v Providence, 2 NY3d 579, 580-581 [2004]; see also People v Malone, 119 AD3d 1352, 1353 [4th Dept 2014], lv denied 24 NY3d 1003 [2014]). "[A] trial court must be satisfied that a defendant's waiver [of the right to counsel] is unequivocal, voluntary and intelligent; otherwise the waiver will not be recognized as effective" (People v Smith, 92 NY2d 516, 520 [1998]; see generally People v Arroyo, 98 NY2d 101, 103 [2002]; People v McIntyre, 36 NY2d 10, 16-17 [1974]). Here, the court conducted a "sufficiently searching inquiry" to determine whether defendant "appreciate[d] the dangers and disadvantages of giving up the fundamental right to counsel," and we conclude that the court properly determined that defendant's waiver did not satisfy the rigorous requirements (Smith, 92 NY2d at 520 [internal quotation marks omitted]).
Finally, we reject defendant's contention that the court abused its discretion in denying his pro se supplemental motion to suppress evidence. Contrary to defendant's contention, his attorney had previously made a request for the same relief several months earlier, and the court denied that earlier application. Inasmuch as the record does not support a finding "that additional pertinent facts ha[d] been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion," we conclude that the court properly denied the supplemental motion (CPL 710.40 [4]; see People v Fuentes, 53 NY2d 892, 894 [1981]).
All concur except Whalen, P.J., and Winslow, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent. We disagree with the determination of our colleagues that there is no evidence from which the jury could have concluded that defendant shot the victim. We conclude that the conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence, and we would therefore affirm the judgment. The evidence established, inter alia, that the victim, who lived next door to defendant's family members, was found in a public park with two gunshot wounds to her head approximately one week after defendant intimated to his cousin that he was going to kill the victim. Defendant was observed leaving the victim's home with a box of items shortly after the time when the victim is believed to have been shot, and historical location information from a global positioning system tracking device that was on defendant's body as a condition of his parole supervision established that defendant had been at both the victim's residence and the park where her body was discarded. Further, defendant was found to be in possession of the suspected murder weapon, a rifle, when he was arrested three days after the victim was killed.
Although, as the majority notes, there is evidence that defendant's girlfriend was also inside the victim's house with defendant at the time when the victim is believed to have been killed, there is no evidence to suggest that defendant's girlfriend, in contrast to defendant, had a plan to "eliminate" the victim or even touched the murder weapon, let alone used it to threaten or intimidate anyone. Defendant, on the other hand, used the rifle to threaten his cousin and continued to possess it until he jumped out of the vehicle that had belonged to the victim while fleeing from the police, and we conclude that such conduct is "relevant in establishing . . . the identity of the [shooter] in this circumstantial evidence case" (People v Gamble, 18 NY3d 386, 398 [2012], rearg denied 19 NY3d 833 [2012]; see People v Perez, 173 AD2d 162, 163 [1st [*3]Dept 1991], lv denied 78 NY2d 925 [1991]).
Viewing the evidence in the light most favorable to the People, as we must, we conclude that there is sufficient circumstantial evidence from which the jury could have rationally excluded alternative explanations and determined that defendant was the person who shot the victim (see People v Reed, 22 NY3d 530, 534-535 [2014], rearg denied 23 NY3d 1009 [2014]; People v Moore [appeal No. 2], 78 AD3d 1658, 1659 [4th Dept 2010]). Although the majority recognizes that "the fact that no one saw defendant fire the shots that killed the victim does not render the evidence legally insufficient," the majority nevertheless seems to conclude that the evidence is legally insufficient because no one saw defendant pull the trigger. In our view, defendant's inculpatory statements and his continuing possession and use of the rifle in the days after the murder and immediately prior to his apprehension by police provided probative circumstantial evidence of his identity as the shooter, and we disagree with the majority's characterization of such evidence as "scant and weak." We further conclude that, when viewed in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court