People v Wellington (2019 NY Slip Op 00787)





People v Wellington


2019 NY Slip Op 00787


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1400 KA 17-01375

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHAD WELLINGTON, DEFENDANT-APPELLANT. 






DANIEL M. GRIEBEL, TONAWANDA, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (MICHELLE K. FASSETT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered June 22, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to defendant's contention, the record establishes that he knowingly, intelligently, and voluntarily waived his right to appeal, and that he understood that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Moore, 158 AD3d 1312, 1312 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; People v Moore, 140 AD3d 1684, 1684-1685 [4th Dept 2016], lv denied 28 NY3d 934 [2016]).
Defendant further contends that he was denied effective assistance of counsel based on, inter alia, an alleged conflict of interest. To the extent that defendant's contention survives his guilty plea and valid waiver of the right to appeal (see People v Cooper, 79 AD3d 1684, 1685 [4th Dept 2010], lv denied 16 NY3d 857 [2011]; see also People v Jacques, 79 AD3d 1812, 1812 [4th Dept 2010], lv denied 16 NY3d 896 [2011]), we conclude that it lacks merit (see Cooper, 79 AD3d at 1685; see also People v Collins, 129 AD3d 1676, 1676-1677 [4th Dept 2015], lv denied 26 NY3d 1038 [2015]; see generally People v Sanchez, 21 NY3d 216, 223 [2013]). Finally, defendant's contention that County Court erred in denying his request for substitution of counsel "is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]). In any event, defendant abandoned that request when he "decid[ed] . . . to plead guilty while still being represented by the same attorney" (id. [internal quotation marks omitted]; see People v Kates, 162 AD3d 1627, 1629 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court