People v Bellamy (2019 NY Slip Op 02233)





People v Bellamy


2019 NY Slip Op 02233


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


358 KA 16-00932

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OMAR I. BELLAMY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 30, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, coercion in the first degree and attempted coercion in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), coercion in the first degree
(§ 135.65 [1]), and attempted coercion in the first degree (§§ 110.00, 135.65 [1]), defendant correctly contends that his waiver of the right to appeal is invalid. Although defendant signed a written waiver of his right to appeal, the colloquy between County Court and defendant was insufficient to ensure that the waiver " was knowingly, voluntarily and intelligently entered' " (People v McCoy, 107 AD3d 1454, 1454 [4th Dept 2013], lv denied 22 NY3d 957 [2013]; see People v Carno, 101 AD3d 1663, 1664 [4th Dept 2012], lv denied 20 NY3d 1060 [2013]).
While defendant's contention that his plea was coerced by statements made by the court or was otherwise involuntarily entered "survives even a valid waiver of the right to appeal" (People v Cooper, 79 AD3d 1684, 1684 [4th Dept 2010], lv denied 16 NY3d 857 [2011]; see also People v Jennings, 8 AD3d 1067, 1068 [4th Dept 2004], lv denied 3 NY3d 676 [2004]), we conclude that it is unpreserved for our review because he failed to move to withdraw his plea or vacate the judgment of conviction (see People v Kelly, 145 AD3d 1431, 1431 [4th Dept 2016], lv denied 29 NY3d 949 [2017]; People v Robinson, 112 AD3d 1349, 1349 [4th Dept 2013], lv denied 23 NY3d 1042 [2014]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant's further contention that he was denied effective assistance of counsel does not survive his plea of guilty because he "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that he entered the plea because of his attorney['s] allegedly poor performance' " (People v Lugg, 108 AD3d 1074, 1075 [4th Dept 2013]; see People v Robinson, 39 AD3d 1266, 1267 [4th Dept 2007], lv denied 9 NY3d 869 [2007]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court