People v Scott (2021 NY Slip Op 05226)





People v Scott


2021 NY Slip Op 05226


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


768 KA 18-00447

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONDELL SCOTT, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered November 20, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), stemming from a shooting in which one person was killed and two were injured. We reject defendant's contention that the evidence is legally insufficient to support the conviction. The People presented evidence establishing every element of the crimes charged and defendant's commission thereof. The fact that no eyewitness to the shooting identified defendant as the person who fired the weapon does not render the evidence legally insufficient inasmuch as there was ample circumstantial evidence and other testimony establishing defendant's identity as the shooter (see People v Suarez, 175 AD3d 1036, 1037 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; People v Clark, 142 AD3d 1339, 1340-1341 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; People v Moore [appeal No. 2], 78 AD3d 1658, 1659 [4th Dept 2010]). We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, the prosecutor did not improperly vouch for the credibility of the People's witnesses and his comments constituted fair comment on the evidence (see People v Redfield, 144 AD3d 1548, 1550 [4th Dept 2016], lv denied 28 NY3d 1187 [2017]). Finally, in light of the nature of the offense, we conclude that the sentence is not unduly harsh or severe.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court