People v Austin (2025 NY Slip Op 05402)

People v Austin

2025 NY Slip Op 05402

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

705 KA 21-00054

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENYATTA AUSTIN, DEFENDANT-APPELLANT. 

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered November 23, 2020. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree (two counts), assault in the second degree (two counts) and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1]) stemming from an incident where two victims were shot and killed around midnight in the City of Buffalo. We reject defendant's contention that his conviction is not supported by legally sufficient evidence of his presence at and general involvement in the shooting. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001], quoting People v Williams, 84 NY2d 925, 926 [1994]; see People v Robbs, 233 AD3d 1456, 1456-1457 [4th Dept 2024]).
Here, we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the factfinder (see Robbs, 233 AD3d at 1457; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Among other things, cell phone evidence established that defendant was present in the area where the shooting occurred at the time it occurred, and surveillance video showed that a vehicle matching the appearance of a vehicle driven by defendant was in that area prior to the shooting. Trial testimony from defendant's girlfriend reflected that, shortly after the time of the shooting, defendant drove the vehicle to his girlfriend's residence, where he stated to her that he had just been involved in a shootout in Buffalo. Defendant's girlfriend testified that, when he arrived at her residence, defendant was carrying a black duffle bag, and trial evidence established that the police thereafter recovered a rifle from her home, which was wrapped with a bandana containing DNA consistent with the DNA of defendant. Defendant's girlfriend also testified that prior to the shooting the vehicle was undamaged, but on the morning after the shooting, the vehicle had a newly broken driver-side window and three bullet holes in it. Further, another witness testified that, on the evening after the shooting, she observed a man matching defendant's description standing next to a vehicle matching the description of the vehicle defendant had been driving at the time of the shooting. The witness testified that the vehicle had a broken driver-side window, and that she heard the man state that the victims of the shooting should not have been out so late, and that he "didn't mean for that to happen to them." Contrary to defendant's contention, the evidence did not merely establish defendant's presence near the crime scene, but also his complicity in the crimes of which he was convicted (see People v Hancock, 229 AD3d 1229, 1230-1231 [4th Dept [*2]2024], lv denied 42 NY3d 1020 [2024]; see generally People v Reed, 97 AD3d 1142, 1143 [4th Dept 2012], affd 22 NY3d 530 [2014], rearg denied 23 NY3d 1009 [2014]; Robbs, 233 AD3d at 1457; People v Moore [appeal No. 2], 78 AD3d 1658, 1659-1660 [4th Dept 2010]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court