People v Overstreet (2026 NY Slip Op 01694)

People v Overstreet

2026 NY Slip Op 01694

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

973 KA 23-01803

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vDARRYL M. OVERSTREET, DEFENDANT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered September 7, 2023. The judgment convicted defendant upon his plea of guilty of use of a child in a sexual performance (two counts) and disseminating indecent material to minors in the first degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence, and as modified the judgment is affirmed and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of three counts of disseminating indecent material to minors in the first degree as a sexually motivated felony (Penal Law §§ 130.91, former 235.22) and two counts of use of a child in a sexual performance (§ 263.05), arising from multiple incidents involving separate victims. Defendant was sentenced to an indeterminate term of 2⅓ to 7 years of imprisonment for each count of disseminating indecent material to minors in the first degree as a sexually motivated felony as well as an indeterminate term of 5 to 15 years of imprisonment for each count of use of a child in a sexual performance. County Court directed that the sentences on all five counts run consecutively to each other.
Defendant failed to preserve his contention that the court abused its discretion in imposing an enhanced sentence based on his violations of the presentencing release conditions (see People v Bishop, 198 AD3d 1381, 1381 [4th Dept 2021], lv denied 37 NY3d 1095 [2021]; see generally People v Tonge, 93 NY2d 838, 839-840 [1999]), and we decline to reach that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant's contention concerning the denial of his request for youthful offender status, after applying the nine Cruickshank factors (People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]; see People v Z.H., 192 AD3d 55, 58-61 [4th Dept 2020]; People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we conclude that the court did not abuse its discretion in refusing to grant defendant youthful offender status (see People v Spencer, 197 AD3d 1004, 1004-1005 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]; see generally People v Macon, 169 AD3d 1439, 1440 [4th Dept 2019], lv denied 33 NY3d 978 [2019]), and we decline to exercise our discretion in the interest of justice to adjudicate defendant a youthful offender (see Spencer, 197 AD3d at 1005; see generally People v Rice, 175 AD3d 1826, 1826 [4th Dept 2019], lv denied 34 NY3d 1132 [2020]). We conclude, however, that the sentence promise with respect to the three counts of disseminating indecent material to minors in the first degree was premised on an illegal indeterminate term of incarceration without any period of postrelease supervision and that the sentence ultimately imposed upon those counts is likewise illegal. Specifically, the counts of disseminating indecent material to minors in the first degree to which defendant pleaded guilty [*2]were each charged, and pleaded to, as a sexually motivated felony (Penal Law §§ 130.91, former 235.22). Penal Law § 60.13 provides that the sentence on a conviction for a sexually motivated felony must comply with "the provisions of section 70.80," which in turn requires that, excluding certain exceptions not present here, the sentence for a felony sex offense must be for a determinate term (see § 70.80 [4] [a]) and must include a period of postrelease supervision (see § 70.80 [3], [9]; see also § 70.45 [2-a] [a]). Defendant's failure to raise this issue "is of no moment, inasmuch as we cannot permit an illegal sentence to stand" (People v Grace, 145 AD3d 1462, 1463 [4th Dept 2016] [internal quotation marks omitted]; see People v Terry, 90 AD3d 1571, 1572 [4th Dept 2011]). Although defendant has not requested that we vacate those parts of the judgment convicting him of the two counts of use of a child in a sexual performance (cf. People v Ciccarelli, 32 AD3d 1175, 1176 [4th Dept 2006]) and the record before this Court does not establish that defendant's pleas of guilty on those counts were induced by the promise of illegal sentencing on the three counts of disseminating indecent material to minors in the first degree (cf. People v Horton, 207 AD3d 1230, 1232 [4th Dept 2022]), we conclude that, inasmuch as it is possible that "defendant's guilty pleas [to all counts] were . . . induced by the promise of illegal . . . sentencing, we must . . . afford defendant the opportunity to either withdraw his guilty plea[s on all counts] or be resentenced in compliance with [the law]" (id.). We therefore modify the judgment by vacating the sentence and we remit the matter to County Court to afford defendant the opportunity either to be resentenced to a legal term of incarceration and, as applicable, periods of postrelease supervision, or to withdraw his guilty plea.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court