[924 NE2d 782, 897 NYS2d 674]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOMER BROWN, JR., Appellant.

Argued January 14, 2010; decided February 18, 2010

## POINTS OF COUNSEL

*Timothy P. Donaher, Public Defender,* Rochester (*Janet C. Somes* of counsel), for appellant. The record demonstrates that Mr. Brown's guilty plea was not knowing and voluntary, and County Court abused its discretion in summarily denying Mr. Brown's motion to withdraw his plea. (*Boykin v Alabama,* 395 US 238; *People v Moissett,* 76 NY2d 909; *North Carolina v Alford,* 400 US 25; *People v Ford,* 86 NY2d 397; *People v Grant,* 61 AD3d 177; *People v Hill,* 9 NY3d 189; *People v White,* 32 NY2d 393; *People v Flowers,* 30 NY2d 315; *People v Hawkins,* 271 AD2d 756; *Matter of Bauer,* 3 NY3d 158.)

*Michael C. Green, District Attorney,* Rochester (*Nicole M. Fantigrossi* of counsel), for respondent. I. The promise of a furlough between plea and sentence is an appropriate subject of the plea bargaining process. (*People v Selikoff,* 35 NY2d 227, 419 US 1122; *Santobello v New York,* 404 US 257; *Brady v United States,* 397 US 742; *Shelton v United States,* 246 F2d 571; *People v White,* 32 NY2d 393; *People v Montgomery,* 27 NY2d 601; *People v Pena,* 50 NY2d 400, 449 US 1087; *People v Vargas,* 88 NY2d 363; *People v Seaberg,* 74 NY2d 1; *People v Farrar,* 52 NY2d 302.) II. Defendant's plea was not rendered involuntary by duress under the circumstances. The court properly denied defendant's motion to withdraw his guilty plea. (*People v Nixon,*

21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Fiumefreddo,* 82 NY2d 536; *People v Alexander,* 97 NY2d 482; *People v Taylor,* 65 NY2d 1; *People v Green,* 75 NY2d 902; *People v Frederick,* 45 NY2d 520; *People v Tinsley,* 35 NY2d 926; *People v Baret,* 11 NY3d 31; *North Carolina v Alford,* 400 US 25; *Boykin v Alabama,* 395 US 238.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

Defendant, under indictment for one count of robbery in the third degree and one count of grand larceny in the fourth degree, was unable to post the $10,000 bail and was held in custody while awaiting prosecution. From the time of his arrest on April 11, 2005 until his June 29, 2005 guilty plea, defendant consistently maintained his innocence and so testified at the grand jury. Shortly after his indictment, the parties learned that defendant's son was in the hospital and in a coma as a result of multiple gunshot wounds. At the outset of the next court appearance, the court informed defendant that a proposed plea bargain would require him to plead guilty to both counts of the indictment in exchange for a 2-to-4-year sentence, and then stated, "[y]our attorney told me [that] you were interested in taking the plea if I were to give you a furlough for three weeks to allow you to see your sick child," who was still in the hospital. Defendant responded in the affirmative, and the court agreed to the furlough, warning defendant that if he did not appear on the scheduled date, he would receive an increased sentence.

During the ensuing colloquy, the court informed defendant of the rights he was forfeiting by pleading guilty, and confirmed that no threats or promises, other than the promised three-week furlough, had been made to defendant. The court never inquired whether defendant was pleading guilty voluntarily. After defendant admitted to the facts constituting the crimes charged, the court accepted the guilty plea, released defendant on his own recognizance, and ordered defendant to return after the promised furlough.

After surrendering himself on the scheduled date, and prior to the imposition of sentence, defendant moved to withdraw his plea on the ground that it had not been entered into voluntarily. The motion detailed that, while he had been in custody prior to pleading guilty, defendant requested a visit to the hospital to see his child, but jail officials denied the request on the apparently mistaken belief that his son's condition was not serious.

Defendant contended that he entered the guilty plea "under conditions of duress" and "as a result of emotional and mental distress caused by his fear of his son's death." He further claimed that he "never would have entered into a guilty plea if his son had not been shot and lapsed into a coma." The court denied the motion without a hearing, stating,

> "I made it clear to [defendant] when he plead[ed] guilty that he wasn't going to withdraw his plea
> . . .
>
> "I'm not going to allow him to withdraw his plea. He made an allocution before me that he committed this offense . . . That was an adequate allocution to the two charges that he plead[ed] guilty to."

The court then sentenced defendant to the promised 2-to-4-year prison term.

The Appellate Division affirmed defendant's conviction, concluding "defendant's allegations of duress and coercion are belied by the statements of defendant during the plea colloquy, wherein he knowingly and voluntarily admitted that he committed the crimes to which he was pleading guilty" (59 AD3d 937, 937-938 [4th Dept 2009]). A Judge of this Court granted defendant's application for leave to appeal (12 NY3d 814 [2009]), and we now reverse.

It is well settled that, in order to be valid and enforceable, a guilty plea must be entered voluntarily, knowingly and intelligently (*see People v Hill*, 9 NY3d 189, 191 [2007]). A guilty plea is voluntary only if it represents an informed choice freely made by defendant among other valid alternatives (*see North Carolina v Alford*, 400 US 25, 31 [1970]; *People v Grant*, 61 AD3d 177, 182 [2d Dept 2009]). When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry "rest[s] largely in the discretion of the Judge to whom the motion is made" and a hearing will be granted only in rare instances (*People v Tinsley*, 35 NY2d 926, 927 [1974]). Where, however, the record raises a legitimate question as to the voluntariness of the plea, an evidentiary hearing is required.

We have not previously considered the voluntariness of a plea conditioned on defendant being granted a brief release to see a seriously ill family member. We have, however, addressed a plea allegedly influenced by concerns for a close relative. In *People v Fiumefreddo* (82 NY2d 536 [1993]), defendant moved to withdraw her guilty plea, arguing that it had been coerced

because it was connected to the prosecutor's acceptance of a plea bargain favorable to her codefendant father, who was elderly and ill. Although stating that connected pleas presented a matter "requir[ing] special care," we rejected the defendant's argument that her plea had been involuntary, noting that the plea had been subject to several months of negotiations; that the court engaged in a "lengthy and detailed colloquy"; and that she never denied her guilt (*id.* at 545-546). Moreover, on the motion to withdraw the plea, the defendant provided no information detailing her claim of coercion. Finally, we found doubtful the defendant's claim that she was strongly influenced to accept the plea to secure leniency for her father because there was nothing to indicate her sentence would have been any less if not connected to her father's plea (*id.* at 547). Thus, under the totality of the circumstances, we held that the trial court's limited inquiry was sufficient to deny the motion without a formal hearing.

■ Unlike *Fiumefreddo*, there is no indication on the record that the specific terms of this plea were subject to extended discussion or that defendant had sufficient time to consider the alternatives to taking it. The court never inquired about the impact the promised furlough had on defendant's decision to plead guilty or indeed whether defendant was pleading guilty voluntarily. The court's statement that defendant was "interested in taking the plea if I were to give [him] a furlough" suggests that the court itself was aware of the central influence the furlough had on defendant's decision to plead guilty. On the motion to withdraw the plea, defendant provided detailed allegations explaining the duress that he experienced based on his fear that his son might not survive. Rather than considering these allegations, the court simply relied on the fact that defendant made "an adequate allocution to the two charges." But whether defendant admitted his guilt to the charged crimes does not inform the analysis of whether the plea was voluntary. Finally, the denial of defendant's previous request to be released from jail to see his son in the hospital lends support to his contention that this desire influenced his decision to plead guilty. Under these particular circumstances, we conclude that County Court abused its discretion in failing to conduct a hearing to explore defendant's allegations in order to make an informed determination.

■ We do not mean to suggest that a plea bargain granting a furlough is per se invalid. While we acknowledge that such pleas

may require special scrutiny by the court prior to accepting it, we adhere to the general rule that so long as the totality of the circumstances reveals that the plea is voluntarily, knowingly and intelligently made, it will be upheld. Indeed, no abuse of discretion will be found where the court, recognizing the potentially coercive nature of the plea terms, conducts a thorough inquiry to establish that defendant is pleading guilty willingly after considering other legitimate alternatives. Moreover, where a careful scrutiny of the motion to withdraw reveals that defendant's allegations fail to raise a legitimate question as to the voluntariness of the plea, the court may deny the motion without a hearing. Here, however, the circumstances raise a genuine factual issue as to the voluntariness of the plea that could only be resolved after a hearing.

Accordingly, the order of the Appellate Division should be reversed and the matter remitted to County Court for further proceedings consistent with this opinion.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed and case remitted to County Court, Monroe County, for further proceedings in accordance with the opinion herein.