■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MITCHELL, Appellant. [933 NYS2d 271]—

The sentencing court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]).

The court afforded defendant a full opportunity to present his claims both orally and in writing, and with the assistance of newly appointed counsel. Defendant claimed that the attorney who represented him at the time of the plea rendered ineffective assistance. However, that claim was conclusory, unsubstantiated and contradicted by the record. The court relied on its familiarity with the plea allocution and prior proceedings, and properly concluded that the plea was knowing, intelligent and voluntary. The prior attorney negotiated a favorable disposition that avoided the consecutive sentences that could have been imposed given the facts of this case (*see People v Ford*, 86 NY2d 397, 404 [1995]), and neither defendant nor his new attorney cast any doubt on the prior attorney's effectiveness. Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ.