Judgment, Supreme Court, Bronx County (Gerald Scheindlin, J., at plea; Megan Tallmer, J., at sentencing), rendered January 4, 2008, convicting defendant of attempted criminal sale of a controlled substance in the third degree, and sentencing him to a term of 5 to 10 years, unanimously affirmed.
The court properly denied defendant’s motion to withdraw his guilty plea. “When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances” (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]). Defendant, who was represented by new counsel at the plea withdrawal motion, received a sufficient opportunity to present his arguments. Although the plea had been taken before a different Justice, the motion court properly concluded that defendant did not substantiate his claim that his comprehension had been impaired by medication. We also note that this claim was made for the first time more than nine years after the plea, when defendant was returned on a bench warrant. The record establishes that the plea was knowing, intelligent, and voluntary (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]).
There is no merit to defendant’s request for a remand in order to develop a record as to what advice counsel provided concerning the immigration consequences of the plea. The proper mechanism for a defendant to elicit additional facts after a judgment of conviction is by making a GPL 440.10 motion. Concur — Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.