# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**264**
**KA 14-01407**
PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DERRICK L. HALL, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered March 27, 2013. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree (two counts).

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of assault in the second degree (Penal Law § 120.05 [2]). The plea was in satisfaction of an indictment charging assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree. Defendant contends that County Court abused its discretion in denying his motion to withdraw his plea because it was coerced and was not knowingly, intelligently and voluntarily entered owing to the ineffective assistance of counsel. We note at the outset that, even assuming, arguendo, that the waiver of the right to appeal is valid, we nevertheless agree with defendant that his contention survives the plea and the waiver of the right to appeal to the extent that defendant contends that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance" (*People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773 [internal quotation marks omitted]; *see People v Davis*, 119 AD3d 1383, 1383, *lv denied* 24 NY3d 960; *People v Judd*, 111 AD3d 1421, 1422-1423, *lv denied* 23 NY3d 1039).

In a letter to the court, defendant alleged that defense counsel forced him to accept the plea offer by informing him, inter alia, that if convicted after trial, the court would sentence him to a term exceeding 20 years. Defense counsel thereafter filed a motion to

withdraw the plea, asserting that "the [p]lea was taken under coercive conditions," inasmuch as "[d]efendant was left with the impression that if he did not plead guilty a consecutive sentence would be imposed for each count contained in the indictment should he be found guilty after trial."  At the argument of the motion, defense counsel further stated that he did not represent to defendant that consecutive sentences were a possibility, but rather a certainty.  The court denied the motion without a hearing and imposed the agreed-upon sentence.

"It is well settled that permission to withdraw a guilty plea rests largely within the court's discretion" (*People v Henderson*, 137 AD3d 1670, 1670).  While an evidentiary hearing is required only in rare instances (*see People v Tinsley*, 35 NY2d 926, 927), "[w]here, [as here,] the record raises a legitimate question as to the voluntariness of the plea, an evidentiary hearing is required" (*People v Brown*, 14 NY3d 113, 116).  We agree with defendant that the statements of defense counsel presenting lengthy consecutive sentences as a certainty were erroneous, at least in part, and did not simply "amount to a description of the range of the potential sentences" (*People v Flinn*, 60 AD3d 1304, 1305; *cf*. *People v Bruchanan*, 37 AD3d 169, 169, *lv denied* 8 NY3d 982).  However, we cannot determine whether, under the totality of the circumstances, defendant was denied effective assistance of counsel, inasmuch as the record fails to establish whether defendant would have entered the guilty plea if he had been properly advised (*see People v Molina*, 69 AD3d 960, 961; *see generally People v Bonilla*, 6 AD3d 1059, 1060).  We therefore conclude that a hearing is required to resolve that issue, and we hold the case, reserve decision, and remit the matter to County Court for that purpose.

Entered:  April 29, 2016                                        Frances E. Cafarell
                                                               Clerk of the Court