■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN PROCTOR, Appellant. [65 NYS3d 442]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered April 27, 2012, convicting defendant,

upon his plea of guilty, of assault in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.

The court providently exercised its discretion in denying defendant's motion to withdraw his plea. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]). Defendant received a full opportunity to present his challenges to the plea.

The plea record shows that defendant knowingly, intelligently, and voluntarily pleaded guilty in exchange for a favorable sentence (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). The sentencing court had sufficient information to determine that defendant's claims of innocence and ineffective assistance were meritless and warranted neither a hearing nor the assignment of new counsel (*see e.g. People v Mangum*, 12 AD3d 207 [2004], *lv denied* 4 NY3d 765 [2005]). In particular, defendant's central claim that he had a viable justification defense was undermined by his admission in his plea allocution that he committed an assault in the course of committing a felony.

We have considered and rejected defendant's remaining claims. Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.