People v Mishoe (2018 NY Slip Op 04514)





People v Mishoe


2018 NY Slip Op 04514


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6913 2917/15

[*1]The People of the State of New York, Respondent,
v
Carliss Mishoe, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered August 16, 2016, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion to withdraw his plea. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]). Defendant received a full opportunity to present his challenges to the plea, both in writing and during a colloquy with the court regarding the motion. Although defendant claimed that he pleaded guilty under duress because he had been attacked at Rikers Island, his allegations and supporting documentation fell far short of describing the type of extreme jail violence, directed at a particular defendant, that the Court of Appeals recognized in People v Flowers (30 NY2d 315 [1972]) as potentially tainting a guilty plea. Furthermore, defendant's claims of duress and innocence were contradicted by his thorough plea allocution.
To the extent the existing record permits review, it establishes that defendant received effective, conflict-free representation at sentencing (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Counsel adopted defendant's plea withdrawal motion, and he did not take an adverse position on its merits merely by stating that he had advised his client against seeking to withdraw the plea (see People v Anonymous, 148 AD3d 647 [1st Dept 2017], lv denied 29 NY3d 1075 [2017]). Furthermore, defendant was not prejudiced when counsel stated that defendant was ready for sentencing, and that there was no legal impediment to imposing sentence, while also advising the court that defendant wanted to be interviewed for a presentence report. There is no statutory requirement that a defendant be interviewed (see People v Serrano, 158 AD3d 467 [1st Dept 2018]), defendant received the minimum lawful sentence, and the court gave defendant the opportunity to place on the record any corrections to the presentence report.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK