People v Hollmond (2019 NY Slip Op 02354)





People v Hollmond


2019 NY Slip Op 02354


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2015-02257
 (Ind. No. 2629/13)

[*1]The People of the State of New York, respondent,
v
Tyron Hollmond, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered December 3, 2014, convicting him of manslaughter in the first degree and attempted murder in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's application pursuant to CPL 220.60(3) to withdraw his plea of guilty.
ORDERED that the matter is remitted to the Supreme Court, Kings County, for further proceedings, including a hearing, on the defendant's application to withdraw his plea of guilty, for which the defendant should be appointed new counsel, and thereafter a report to this Court as to the Supreme Court's findings with respect to whether the defendant has established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
In order to be valid and enforceable, a plea of guilty must be entered knowingly, voluntarily, and intelligently (see People v Brown, 14 NY3d 113, 116; People v Hill, 9 NY3d 189, 191). A plea is voluntary only if it represents an informed choice freely made by the defendant among other valid alternatives (see North Carolina v Alford, 400 US 25, 31; People v Grant, 61 AD3d 177, 182). When a defendant moves to withdraw a plea, the nature and extent of the fact-finding inquiry "rest[s] largely in the discretion of the Judge to whom the motion is made" and a hearing will be granted only in rare instances (People v Tinsley, 35 NY2d 926, 927). Where, however, the record raises a legitimate question as to the voluntariness of the plea, an evidentiary hearing is required (see People v Brown, 14 NY3d at 116).
The defendant was charged with murder in the second degree, two counts of attempted murder in the second degree, and related offenses in connection with an April 22, 2012, shooting incident which resulted in the death of one person and injury to two other people. The defendant was housed, pretrial, at Coxsackie Correctional Facility, which is approximately 132 miles north of the Kings County Supreme Court in Brooklyn. When the case was referred to a trial part on October 31, 2014, the defendant was moved to the Ulster Correctional Facility, which is approximately 100 miles north of Brooklyn. Defense counsel sought to have his client moved to Rikers Island, or another downstate facility, and argued that his client was being denied his basic [*2]constitutional right to counsel by virtue of being housed in a remote location with limited telecommunication capabilities, rendering it impossible for defense counsel to consult, confer, and plan for trial with his client.
The Supreme Court ordered that the defendant be moved to Rikers Island, or at a minimum, a correctional facility closer to the court. The court issued numerous orders over the following two weeks directing that the defendant be moved, none of which was complied with. Each appearance required the defendant to travel at least five hours each way. Defense counsel continued to argue that the Department of Corrections and Community Supervision was violating the defendant's constitutional rights to consult with his attorney and to defend this case. The court noted that it would be nearly impossible to hold a jury and try the case under these conditions. The court nevertheless stated that the trial would commence, regardless of where the defendant was housed. The very next court date, the defendant agreed to plead guilty.
Two weeks later, at the sentencing, the defendant made an application to withdraw his plea, contending that he had entered the plea involuntarily, given the circumstances and his lack of access to his counsel. The Supreme Court denied the application without engaging in any inquiry of the defendant, other than to comment on the favorable plea offer secured by defense counsel.
Under the circumstances, it cannot be said that the Supreme Court was able to make an informed determination as to the question of the voluntary nature of the defendant's plea without conducting such an inquiry. The record substantiates the defendant's claim that his plea was effectively coerced by the ongoing violation of his Sixth Amendment right to counsel and, thus, a genuine factual issue as to the voluntariness of the plea existed that could only be resolved after a hearing. Under these circumstances, the court should have conducted a hearing to explore the defendant's allegations in order to make an informed determination (see People v Brown, 14 NY3d at 118; People v Falls, 164 AD3d 1361; People v Ghingoree, 150 AD3d 881).
Accordingly, we remit the matter to the Supreme Court, Kings County, for further proceedings, including a hearing, on the defendant's application to withdraw his plea of guilty, for which the defendant should be appointed new counsel, and thereafter a report to this Court as to the Supreme Court's findings with respect to whether the defendant has established his entitlement to the withdrawal of the plea. We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's application, and we decide no other issues at this time.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court