People v Judy (2021 NY Slip Op 00957)





People v Judy


2021 NY Slip Op 00957


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


888 KA 18-02406

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEAN A. JUDY, II, DEFENDANT-APPELLANT. 






KIMBERLY J. CZAPRANSKI, SCOTTSVILLE, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 17, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and that his plea was not voluntarily entered. Because defendant's challenge to the voluntariness of his plea would survive even a valid waiver of the right to appeal (see People v Burney, 41 AD3d 1221, 1221 [4th Dept 2007], lv denied 9 NY3d 863 [2007]), we need not address the validity of that waiver. We note, however that the better practice is for Supreme Court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020], citing NY Model Colloquies, Waiver of Right to Appeal).
Defendant's contention that his plea was not voluntarily entered is not preserved for our review "inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction" (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see People v Jones, 175 AD3d 1845, 1845-1846 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]; People v Yates, 173 AD3d 1849, 1849-1850 [4th Dept 2019]). In any event, we reject that contention. We conclude that defendant's "plea was not rendered involuntary by the court's failure to advise him that as a consequence of [the] plea he may receive an enhanced sentence for any crime that he may commit in the future" (People v Taylor, 60 AD3d 708, 709 [2d Dept 2009], lv denied 12 NY3d 860 [2009]). In addition, contrary to defendant's contention, the record establishes that he understood the nature and consequences of the plea, and that he agreed to plead guilty to criminal possession of a weapon in the second degree in full satisfaction of the charges against him (cf. People v Hector, 172 AD3d 1913, 1914 [4th Dept 2019]; see generally People v Alicea, 148 AD3d 1662, 1663 [4th Dept 2017], lv denied 29 NY3d 1122 [2017]). Finally, "[t]he fact that defendant was required to accept or reject the plea offer within a short time period does not amount to coercion" that would render the plea involuntary (People v Russell, 55 AD3d 1314, 1315 [4th Dept 2008], lv denied 11 NY3d 930 [2009] [internal quotation marks omitted]; see People v Freeman, 159 AD3d 1337, 1338 [4th Dept 2018], lv denied 31 NY3d 1147 [2018]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court