People v Jeffery (2021 NY Slip Op 04148)





People v Jeffery


2021 NY Slip Op 04148


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-01803
 (Ind. No. 5700/15)

[*1]The People of the State of New York, respondent,
v
Trevis Jeffery, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg and Sean Nuttall of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Robert Ho on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Elizabeth Foley, J., at plea; Cassandra Mullen, J., at sentence), rendered December 13, 2016, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated February 20, 2019, the matter was remitted to the Supreme Court, Kings County, for further proceedings, including a hearing, on the defendant's application to withdraw his plea of guilty, and thereafter, for the issuance of a report with respect to the application. The appeal was held in abeyance pending receipt of the Supreme Court's report (see People v Jeffery, 169 AD3d 924). The Supreme Court (Vincent M. Del Giudice, J.) has now filed a report. Justice Connolly has been substituted for former Justice Maltese (see 22 NYCRR 1250.1[b]).
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to attempted robbery in the second degree. Prior to the imposition of sentence, the defendant made an application to withdraw his plea of guilty. The Supreme Court denied the defendant's application and imposed sentence. The defendant appealed.
By decision and order dated February 20, 2019, this Court determined that the defendant was not afforded a reasonable opportunity to present his contentions regarding his application to withdraw his plea of guilty, and that the defendant's right to counsel was adversely affected when his attorney took a position adverse to his with respect to that application (see People v Jeffery, 169 AD3d 924). Accordingly, this Court remitted the matter to the Supreme Court, Kings County, for further proceedings on the defendant's application to withdraw his plea of guilty, for which the defendant was to be appointed new counsel, and for the issuance of a report with respect to the application (see id.). The appeal was held in abeyance pending receipt of the Supreme Court's report (see id.).
Upon remittitur, the Supreme Court assigned a different attorney to represent the defendant in connection with his application to withdraw his plea of guilty. At a hearing, the court reviewed the transcripts of the defendant's plea and sentence, and afforded defense counsel and the [*2]prosecutor the opportunity to make arguments regarding the defendant's application to withdraw his plea. In an order dated July 7, 2019, the court set forth findings with respect to the defendant's application and denied the defendant's application.
"The established rule is that a guilty plea will be upheld as valid if it was entered voluntarily, knowingly and intelligently" (People v Fiumefreddo, 82 NY2d 536, 543). "A guilty plea is voluntary only if it represents an informed choice freely made by defendant among other valid alternatives" (People v Brown, 14 NY3d 113, 116). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest largely in the discretion of the Judge to whom the motion is made" (People v Hayes, 161 AD3d 768, 769 [internal quotation marks and alterations omitted]).
Here, the Supreme Court properly denied the defendant's application to withdraw his plea of guilty. The record demonstrates that the defendant's plea was entered voluntarily, knowingly, and intelligently (see People v Fiumefreddo, 82 NY2d at 543). Contrary to the defendant's contention, nothing in the record establishes that his plea was rushed or otherwise did not constitute an informed choice (see People v Brown, 14 NY3d at 116).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court