People v Gumpton (2021 NY Slip Op 06519)





People v Gumpton


2021 NY Slip Op 06519


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


979 KA 19-00934

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PRISCILLA GUMPTON, DEFENDANT-APPELLANT. 






DAVID R. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (Charles N. Zambito, A.J.), rendered December 13, 2018. The judgment convicted defendant, upon her plea of guilty, of attempted promoting prison contraband in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Orleans County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [1]). Because defendant's challenge to the voluntariness of her plea would survive even a valid waiver of the right to appeal, we need not address the validity of that waiver (see People v Judy, 191 AD3d 1454, 1455 [4th Dept 2021], lv denied 36 NY3d 1121 [2021]). We agree with defendant that County Court erred in denying her motion to withdraw her plea without a hearing because the record—specifically, defense counsel's affidavit swearing that defendant's plea was coerced—"raises a legitimate question as to the voluntariness of the plea" (People v Brown, 14 NY3d 113, 116 [2010]; see People v Hall, 138 AD3d 1407, 1407-1408 [4th Dept 2016]). We therefore hold the case, reserve decision, and remit the matter to County Court to appoint new defense counsel and to rule on defendant's motion to withdraw her plea following an evidentiary hearing.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court