People v Morales (2022 NY Slip Op 00978)





People v Morales


2022 NY Slip Op 00978


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Ind. No. 1202/16 Appeal No. 15292 Case No. 2018-2255 

[*1]The People of the State of New York, Respondent,
v
Jose Morales, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Mandy E. Jaramillo of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (Kevin B. McGrath, Jr., J.), rendered September 11, 2017, convicting defendant, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
Defendant's challenges to the validity of his plea are unpreserved, and we decline to address them in the interest of justice. Defendant had a practical ability to raise these claims by moving to withdraw the plea, but he did not do so, and the narrow exception to the preservation requirement does not apply (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013]). As an alternative holding, we find that the "totality of the circumstances" indicates that the plea was entered into knowingly, intelligently, and voluntarily (People v Brown, 14 NY3d 113, 118 [2010]; see also Conceicao, 26 NY3d at 382). Defendant chose to avail himself of a lenient plea offer in the middle of trial. During the plea allocution, he confirmed that he had adequate time to fully discuss the plea with counsel and was pleading guilty voluntarily, he acknowledged the rights he was waiving, and he admitted the elements of the crime. Contrary to defendant's contention, the exchanges he had with the court did not cast doubt on his understanding of the plea proceedings. Moreover, nothing in the record indicated that his mental illness "so stripped him of orientation or cognition that he lacked the capacity to plead guilty" (People v Alexander, 97 NY2d 482, 486 [2002]), or required further inquiry.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022