People v Davis (2022 NY Slip Op 03610)

People v Davis

2022 NY Slip Op 03610

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

281 KA 20-00459

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAMEL DAVIS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered February 5, 2020. The judgment convicted defendant upon his plea of guilty of attempted gang assault in the second degree (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him upon his plea of guilty of two counts of attempted gang assault in the second degree (Penal Law §§ 110.00, 120.06) and, in appeal No. 2, he appeals from a further judgment convicting him upon his guilty plea of one count of bail jumping in the second degree (§ 215.56). In both appeals, defendant challenges the voluntariness of his pleas of guilty and he also contests the validity of his waiver of the right to appeal, but because the challenge to the voluntariness of his pleas would survive even a valid waiver of the right to appeal, we need not address the validity of that waiver (see People v Judy, 191 AD3d 1454, 1455 [4th Dept 2021], lv denied 36 NY3d 1121 [2021]).
Defendant contends in both appeals that County Court erred in denying, without a hearing, his motion to withdraw the pleas because they were not voluntarily entered due to incorrect advice given by defense counsel. In support of that motion, defendant alleged that defense counsel told him that he had no chance of achieving a better result at trial than the result offered in the plea agreement because he was likely to be convicted at trial of attempted gang assault in the second degree. Defense counsel confirmed that defendant had been so advised. Defendant further alleged that he later learned that such a conviction at trial would have been impossible because it is a nonexistent offense (see People v Delacruz, 177 AD3d 541, 542 [1st Dept 2019], lv denied 34 NY3d 1158 [2020]; see generally People v Prescott, 95 NY2d 655, 659 [2001]), and he stated in court that he would not have pleaded guilty had he known that he could not have been convicted at trial of attempted gang assault in the second degree.
Initially, we agree with defendant that "attempted gang assault in the second degree is a legal impossibility for trial purposes
. . . , as 'there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended' " (Matter of Cisely G., 81 AD3d 508, 508 [1st Dept 2011], quoting People v Campbell, 72 NY2d 602, 605 [1988]). Based on that law and our review of the record, we further agree with defendant that the advice of defense counsel regarding the possibility of a conviction at trial of attempted gang assault in the second degree was erroneous.
Nevertheless, "[i]t is well settled that permission to withdraw a guilty plea rests largely within the court's discretion" (People v Henderson, 137 AD3d 1670, 1670 [4th Dept 2016]). "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors [*2]'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused' . . . That the defendant allegedly received inaccurate information regarding [the possibility of a conviction at trial and the resulting impact upon] his possible sentence exposure is another factor which must be considered by the court, but it is not, in and of itself, dispositive" (People v Garcia, 92 NY2d 869, 870 [1998]; see generally People v Mack, 140 AD3d 791, 792 [2d Dept 2016], lv denied 28 NY3d 933 [2016]; People v Morrison, 78 AD3d 1615, 1616 [4th Dept 2010], lv denied 16 NY3d 834 [2011]). "Where . . . the record raises a legitimate question as to the voluntariness of the plea, an evidentiary hearing is required" (People v Brown, 14 NY3d 113, 116 [2010]). Here, we conclude that "the circumstances raise a genuine factual issue as to the voluntariness of the plea that could only be resolved after a hearing" (id. at 118). Consequently, we hold the case, reserve decision, and remit the matters to County Court for a hearing to resolve that issue.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court