People v Moses (2025 NY Slip Op 01823)

People v Moses

2025 NY Slip Op 01823

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-00295
 (Ind. No. 436/17)

[*1]The People of the State of New York, respondent,
v
Khalil Moses, appellant.

Patricia Pazner, New York, NY (Yaniv Kot and Chelsey Amelkin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered September 29, 2020, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to manslaughter in the first degree. Prior to sentencing, the defendant moved, pro se, to withdraw his plea of guilty and separately moved for the assignment of new counsel. The Supreme Court denied the defendant's motions, without a hearing, and imposed sentence.
"A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of the court's discretion" (People v Roberts, 210 AD3d 1014, 1014 [internal quotation marks omitted]; see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485). In general, "[s]uch a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v McClurkin, 231 AD3d 748, 749 [internal quotation marks omitted]; see People v Spring, 222 AD3d 665, 666). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Kazimer, 210 AD3d 1109, 1110).
Here, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Kazimer, 210 AD3d at 1110; People v Hollman, 197 AD3d 484, 484-485). The defendant's assertions in support of his motion to withdraw his plea of guilty were unsubstantiated and contradicted by the record of the plea proceeding (see People v Haffiz, 19 NY3d 883, 884; [*2]People v Kazimer, 210 AD3d at 1110).
Moreover, the Supreme Court providently exercised its discretion in denying the defendant's motion for the assignment of new counsel. "'The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at [the] defendant's option'" (People v King, 161 AD3d 772, 774, quoting People v Sides, 75 NY2d 822, 824). "A trial court's duty to consider substitution arises only where [the] defendant makes a seemingly serious request" (People v Milonovich, 215 AD3d 764, 765 [internal quotation marks omitted]). A request is seemingly serious if it contains "specific factual allegations of serious complaints about counsel" (People v English, 201 AD3d 733, 734 [internal quotation marks omitted]). Here, the defendant's motion contained no specific allegation that indicated a serious complaint about the representation he received.
The sentence imposed was not excessive (see People v Suite, 90 AD2d 80).
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court