People v Epps

2026 NY Slip Op 03181

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Dudley Epps, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-00076, (Ind. No. 73088/22)

Cheryl E. Chambers, J.P.

Linda Christopher

Helen Voutsinas

Phillip Hom, JJ.

Jason M. Bernheimer, Chappaqua, NY, for appellant.

Anthony P. Parisi, Special District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Cacace, J., at plea; Robert J. Prisco, J., at sentence), rendered December 12, 2023, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for the issuance of an amended uniform sentence and commitment sheet in accordance herewith.

The defendant entered a plea of guilty to course of sexual conduct against a child in the first degree. Prior to sentencing, the defendant moved to withdraw his plea of guilty. The County Court denied the defendant's motion without a hearing and imposed sentence. The defendant appeals.

"The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Kess, 244 AD3d 1243, 1243 [internal quotation marks omitted]; see People v Moses, 236 AD3d 1063, 1063-1064). "In general, such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v Moses, 236 AD3d at 1064 [alteration and internal quotation marks omitted]; see People v Kess, 244 AD3d at 1244). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Dennis, 244 AD3d 997, 998).

Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of his plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Moses, 236 AD3d at 1064; People v Hollman, 197 AD3d 484, 484-485). The defendant's [*2]contentions that he did not understand the nature of the plea proceeding are unsubstantiated and contradicted by the record (see People v Colonna, 239 AD3d 671, 671-672). Moreover, the alleged statements by his counsel as to the maximum possible sentence exposure if he were convicted after trial did not constitute coercion (see id. at 672; People v Fellows, 208 AD3d 682, 683).

Further, the defendant's contention regarding the plea allocution is unpreserved for appellate review since the defendant failed to move to withdraw his plea on those grounds or otherwise raise the issue before the County Court (see People v Santiago, 242 AD3d 773, 774; People v Leasure, 177 AD3d 770, 772). The exception to preservation requirement does not apply in this case because the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Santiago, 242 AD3d at 774; People v Prenaj, 239 AD3d 1001, 1002).

As the People correctly concede, the defendant's uniform sentence and commitment sheet erroneously identified the wrong subdivision of the Penal Law to which the defendant entered a plea of guilty. Accordingly, we remit the matter to the County Court, Westchester County, for the issuance of an amended sentence and commitment sheet that properly reflects that the defendant entered a plea of guilty to one count of course of sexual conduct against a child in the first degree under Penal Law § 130.75(1)(b) (see People v Brown, 245 AD3d 955, 956; People v Petrangelo, 233 AD3d 1028, 1029).

CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court