THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW C. LAURY, Appellant. [65 NYS3d 857]—

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered October 29, 2015. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of rape in the third degree (Penal Law § 130.25 [2]). Defendant, who was on parole at the time of the disposition of this case, contends that the plea was not entered knowingly, intelligently, and voluntarily because County Court failed to advise him that it would result in a parole violation. Defendant failed to preserve that contention for our review inasmuch as his motion to withdraw the plea did not include that ground (*see People v Gibson*, 140 AD3d 1786, 1787 [4th Dept 2016], *lv denied* 28 NY3d 1072 [2016]). In any event, we conclude that defendant's contention is without merit. "[A] trial court must advise a defendant of the direct consequences of [a] plea, but [it] has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convictions" (*People v Monk*, 21 NY3d 27, 32 [2013] [internal quotation marks omitted]). Where, as here, a defendant is sentenced pursuant to Penal Law § 70.80 (5), the sentence must run consecutively to a previously imposed undischarged sentence (*see* § 70.25 [2-a]). That is a collateral consequence of the conviction, and the court's failure "to address the impact of Penal Law § 70.25 (2-a) during the plea colloquy does not require vacatur of the plea" (*People v Belliard*, 20 NY3d 381, 389 [2013]).

Defendant was sentenced to the minimum sentence permissible under the law, and we therefore reject his contention that the sentence is unduly harsh and severe (*see People v Barlow*,

8 AD3d 1027, 1028 [4th Dept 2004], *lv denied* 3 NY3d 657 [2004]). Present—Centra, J.P., Peradotto, Lindley, Curran and Troutman, JJ.