People v Wasyl (2020 NY Slip Op 04675)





People v Wasyl


2020 NY Slip Op 04675


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


425 KA 19-00815

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT WASYL, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA THERESA JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered February 8, 2019. The judgment convicted defendant, upon a plea of guilty, of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). We agree with defendant that his waiver of the right to appeal is invalid. County Court mischaracterized the nature of the right that defendant was being asked to cede by portraying the waiver as an absolute bar to defendant taking an appeal, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues. Furthermore, the record fails to establish that defendant "read and understood the contents of the written waiver that he executed during the proceeding" (People v Miller, 161 AD3d 1579, 1579 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]; see generally People v Bradshaw, 18 NY3d 257, 265 [2011]). We therefore conclude that the waiver of appeal was not knowing and voluntary (see People v Thomas, 34 NY3d 545, 564-565 [2019], cert denied — US — [Mar. 30, 2020]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). We nevertheless conclude that the negotiated sentence, which is the statutory minimum sentence (see § 70.08 [2], [3] [c]), cannot be characterized as unduly harsh or severe (see People v Laury, 156 AD3d 1473, 1473-1474 [4th Dept 2017], lv denied 32 NY3d 939 [2018]; see also People v Carter, 280 AD2d 977, 978 [4th Dept 2001], lv denied 96 NY2d 860 [2001]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court