People v Davis (2021 NY Slip Op 04304)





People v Davis


2021 NY Slip Op 04304


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


391 KA 17-00190

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRELL DAVIS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered August 30, 2016. The judgment convicted defendant upon a plea of guilty of strangulation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of strangulation in the second degree (Penal Law § 121.12). Defendant's contention that his plea was not knowingly, intelligently, or voluntarily entered is not preserved for our review because he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (see People v Hough, 148 AD3d 1671, 1671 [4th Dept 2017], lv denied 29 NY3d 1081 [2017]; People v Brinson, 130 AD3d 1493, 1493 [4th Dept 2015], lv denied 26 NY3d 965 [2015]). Contrary to defendant's further contention, this case does not fall within the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]).
In any event, defendant's challenge to the plea lacks merit. While defendant raised questions at various times during the plea colloquy, Supreme Court consistently provided defendant with an opportunity to consult with defense counsel and ensured that defendant's questions were answered and that he wished to proceed with the plea. Moreover, defendant stated that he was educated, sober, and alert, and that he understood the proceedings. Indeed, there is no indication in the record "that defendant was uninformed, confused or incompetent when he entered the plea" (People v Nudd, 53 AD3d 1115, 1115 [4th Dept 2008], lv denied 11 NY3d 834 [2008] [internal quotation
marks omitted]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court