People v Nelson (2022 NY Slip Op 03836)

People v Nelson

2022 NY Slip Op 03836

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

413 KA 20-00932

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HASSAN NELSON, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 7, 2020. The judgment convicted defendant, upon a plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Preliminarily, because defendant's challenges to the voluntariness of his plea would survive even a valid waiver of his right to appeal, we need not address the validity of that waiver in this case (see People v Gumpton, 199 AD3d 1485, 1485 [4th Dept 2021]).
Defendant contends that his guilty plea was involuntary because County Court failed to inform him of a purported direct consequence thereof, i.e., that a new violent felony conviction in New York would result in an "automatic violation of [his] parole in . . . Virginia." We reject that contention. A court "must advise a defendant of the direct consequences of the plea" but "has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convictions" (People v Catu, 4 NY3d 242, 244 [2005]). Direct consequences consist of "the core components of a defendant's sentence: a term of probation or imprisonment, a term of postrelease supervision, a fine" (People v Harnett, 16 NY3d 200, 205 [2011]), whereas, collateral consequences are "peculiar to the individual and generally result from the actions taken by agencies the court does not control" (People v Ford, 86 NY2d 397, 403 [1995]). Whether a defendant's plea to a subsequent offense will constitute a violation of that defendant's conditions of parole and what the consequences of any such violation will be is a collateral consequence (see People v Laury, 156 AD3d 1473, 1473 [4th Dept 2017], lv denied 32 NY3d 939 [2018]; see generally People v Monk, 21 NY3d 27, 32-33 [2013]; People v Belliard, 20 NY3d 381, 385-386 [2013]).
Defendant further contends that his plea was involuntary because the court failed to provide him with a meaningful opportunity to consult with counsel with respect to the impact of his plea on extradition. Defendant did not move to withdraw his plea or to vacate the judgment of conviction on that ground, and thus that contention is unpreserved for appellate review (see People v Davis, 196 AD3d 1060, 1061 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, both the certificate of conviction and the uniform sentence and commitment sheet must be corrected to reflect defendant's status as a second violent felony offender rather than a second felony offender (see People v Mobayed, 158 AD3d 1221, 1223 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court